UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                        v.

ROSEMARY E. CZUMAJ,

                        Defendant.

**Hon. Hugh B. Scott**

08CR8A

**Report
&
Recommendation**

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 14). The instant matter before the Court is defendant's motion (Docket No. 16[1]) suppression of evidence and for other omnibus discovery relief. For judicial efficiency, matters that could be considered in a separate Order will be decided in this Report & Recommendation.

Initially, responses to the defense motion were due by May 8, 2008, with argument scheduled for May 13, 2008 (Docket No. 13), but defendant moved to substitute counsel after filing her motion (Docket No. 17). After new, retained counsel was allowed to substitute (see Docket No. 19) and granted additional time to consider whether to supplement her motions (see Docket No. 20), the Court issued a new briefing schedule, with the defendant to supplement her motions by July 16, 2008, the Government to respond by July 30, 2008, and argument on July 31,

---

[1] In support of her motion, defendant submits her motions, Docket No. 16. In opposition, the Government submits its response, Docket No. 22.

2008 (id.; Docket No. 21).  On July 31, 2008, defendant indicated that she would not supplement her motion and would rest on her papers.  The motion was deemed submitted as of July 31, 2008.

## BACKGROUND

Defendant was indicted on January 23, 2008, on a count of knowingly, intentionally and unlawfully importing marijuana into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and fraudulently and knowingly importing marijuana into the United States, in violation of 19 U.S.C. § 545 (Docket No. 11, Indict.).  This arose from defendant's crossing the Rainbow Bridge into Niagara Falls, New York, on May 2, 2007, with marijuana (id.) hidden in her vehicle (see Docket No. 22, Gov't Response at 1).

Defendant (through her former counsel) moved to suppress identification testimony; sought an audibility hearing; sought disclosure of the Government's informants; sought to compel discovery; sought to bar introduction of expert testimony.  She also sought production of Brady and Jencks Act material, disclosure of grand jury transcripts, evidence pursuant to Federal Rules of Evidence 608, 609, 404(b), pretrial production of Government summaries, and she sought to bar introduction of Rule 404(b) evidence at trial.  She sought preservation of investigators' rough notes and other evidence.  She desired active participation in voir dire; voir dire of Government experts.  (Docket No. 16.)  Present counsel has adopted these motions.

The Government submitted its Rule 12(b)(4) notice of the evidence it intends to introduce, mainly the materials already produced during voluntary discovery (Docket No. 22, Gov't Response at 14-15).

**DISCUSSION**

I.      Suppression of Identification

The Court first considers defendant's motion to suppress identification testimony (Docket No. 16, Def. Motion at 3-6). The Government contends that there was not a line-up or show-up procedure to suppress here since defendant entered the United States at the border crossing and identified herself (Docket No. 22, Gov't Response at 2). Thus, defendant's motion to suppress her identification should be **denied**.

II.     Other Omnibus Relief

    A.      Audibility Hearing

Defendant initially sought an audibility hearing for any audio tapes the Government intends to introduce at trial (Docket No. 16, Def. Motion at 3). The Government contends that defendant has not identified a particular recording that requires such a hearing and deems this motion to be premature (Docket No. 22, Gov't Response at 13). As with certain other relief sought noted below, this motion is better addressed by the trial court after defendant has identified a disputed recording.

    B.      Identity of Informants

Defendant seeks the pre-trial disclosure of the identity of any informants in this case (Docket No. 16, Def. Motion at 7-8). The Government is not required to furnish the identities of informants unless it is essential to the defense. Raver v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial. United States v. Bejaia, 904 F.2d 137, 139 (2d. Cir.) cert. denied, 498 U.S. 921 (1990).

Moreover, the Government has stated that it believes that disclosure of the informant's identification would subject the informant to personal danger from retribution by the defendant and others.

Defendant has not established that the pre-trial disclosure of the identities of any informants is essential to her defense. This request is **denied**.

C.	Disclosure of Expert Testimony

Defendant next seeks disclosure of all expert information and, where not produced in voluntary discovery, expert testimony should be barred by the Court (Docket No. 16, Def. Motion at 8-10, 9-10). The Government will give defendant notice of its intention to use expert testimony and comply with Rule 16(a)(1)(G) in doing so (Docket No. 22, Gov't Response at 3).

The Government should make this notice pursuant to the timing set forth by the trial court in its pretrial Order.

D.	Brady Material

Defendant next has requested that the Government disclose all materials potentially favorable to each of them, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny (Docket No. 16, Def. Motion at 10-13). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment <u>Brady</u> materials which they seek to obtain. The Government's written response is that it acknowledges its <u>Brady</u> obligation, agreeing to provide impeachment <u>Brady</u> materials pursuant to this Court's scheduling Order (Docket No. 22, Gov't Response at 5).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie <u>Brady</u> mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined <u>Brady</u>/Jencks material.  Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided."  <u>United States v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974); <u>United States v. Green</u>, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex.  Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

E.  Rule 404, 608 and 609 Evidence

Defendant next requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 16, Def. Motion at 13-14). She also requests disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government has represented that it has disclosed these materials to defendant in meetings with defense counsel and agrees to provide such materials in the future (see Docket No. 22, Gov't Response at 6, 6-7) while objecting to producing any further impeachment information (id. at 9-10). The Government preliminarily notified defendant that it intends to introduce defendant's prior criminal conduct, with further notice to be given two weeks before trial or during the trial if excused by the trial court (id. at 7-8). This is sufficient in this case.

F.  Disclosure of Jencks Act Material

Defendant seeks immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500 (Docket No. 16, Def. Motion at 14-15). The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until after the witness has testified at trial. In this case, the Government will produce this information pursuant to the pretrial Order of the trial court (Docket No. 22, Gov't Response at 10).

6

Defendant has not established that prior disclosure of Jencks material any earlier than when the Government proposes to provide it is essential to the preparation of a defense in this case.

    G.    Preservation of Evidence

Defendant also has requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 16, Def. Motion at 15-16). The Government has agreed to preserve these notes (Docket No. 22, Gov't Response at 10).

    H.    Pre-Trial Production of Government Summaries

Next, defendant seeks an Order for the Government to produce any summaries it intends to use at trial (Docket No. 16, Def. Motion at 17-18). While arguing that this issue is better left for the District Judge who will try this case (Docket No. 22, Gov't Response at 12-13), the Government states that it has not decided whether it would use summaries or the like and, if it intends to use them, will produce them at the Court's direction (id. at 13).

    I.    Disclosure of Grand Jury Transcripts

Defendant moves for production of the grand jury transcripts (Docket No. 16, Def. Motion at 19). The Government opposes, arguing that defendant has not claimed misconduct to warrant disclosure (Docket No. 22, Gov't Response at 11-12).

Defendant argues that she has a particularized need for these transcripts "in order to present a vigorous defense" which outweighs grand jury secrecy (Docket No. 16, Def. Motion at 19, citing, e.g., Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959)). There are occasions "when the trial judge may in the exercise of his discretion order the minutes of a grand jury produced for use on his cross-examination at trial. Certainly 'disclosure is wholly proper where the ends of justice require it,'" Pittsburgh Plate Glass, supra, 360 U.S. at 400 (quoting

United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234 (1940)).  The burden is upon defendant to show a particularized need exists that outweighs the policy of grand jury secrecy, id. Particularized need includes impeachment of witnesses at trial, refresh recollection, and testing witness credibility, United States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1958).

As was held in the Pittsburgh Plate Glass case, supra, 360 U.S. at 400, defendant here has not made a showing of particularized need, but cf. Dennis v. United States, 384 U.S. 855, 872-73 (1966) (Court found that defense did not fail to make out a particularized need, listing the circumstances of particularized need).  Merely stating the desire to make a vigorous defense in general does not show a particular need for a given portion of the grand jury testimony (such as specification of which witness's testimony is necessary for that vigorous defense) or show whether that grand jury testimony is needed for impeachment, refreshing recollection or testing credibility.

Defendant's motion on this ground is **denied**.

III.   District Court Relief

Defendant moves (Docket No. 16, Def. Motion at 16, 18-19, 17-18, 3) for various relief (such as the manner of the conduct of petit jury voir dire, the voir dire of Government experts, pretrial production of Government summaries and charts, and audibility hearing) better determined by the trial judge prior to trial (see Docket No. 22, Gov't Response at 12-13).

These motions are addressed to the District Judge conducting the trial of this matter and will not be considered now.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion (Docket No. 16) for suppression of evidence be **denied**; defendant's other omnibus relief is **granted in part, denied in part, or deferred for further action by the District Judge,** as indicated in the Report.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott<br>
Hon. Hugh B. Scott<br>
United States Magistrate Judge

Dated: Buffalo, New York
           August 12, 2008